RICHARDS, TRUESDELL & CO. *vs.* HORACE WHEELER.

[*Ante. page* 161.]

</div>

*Dicta*—A writ of error lies only upon a final judgment.

The rejection of a report of auditors is analogous to setting aside the verdict of a jury, and granting a new trial; and although it is a judgment, it is a mere interlocatory, and not a final one.

*Held*—That a writ of *mandamus* does not lie to compel the county court to *accept* a report of auditors, although it lies to compel them to *proceed to judgment*, if they unreasonably refuse to do so.

The power to accept or reject a report of auditors being given to the county court by law, its exercise necessarily involves a judicial discretion; and when the act to be performed is of a judicial nature, it can be enforced by a *mandamus* only where the law has *peremptorily* directed it to be performed, or where the right is clear, and no discretion exists in the inferior court in relation to it.

AT the term of the county court, holden in this county in June, 1825, the auditors appointed in this action, returned into court a report in favour of the plaintiffs. The defendant filed his exceptions to the report, and the county court, on a hearing of the exceptions, set aside the report, and re-committed the accounts to auditors.

*Phelps* and *Starr*, for the plaintiffs, moved for a *mandamus* to the county court, commanding them to accept the report so returned, and render judgment for the plaintiffs thereon, the action being still pending before them. In support of the motion, the counsel relied upon the following authorities.---1 *Salk.* 299---1 *Stra.* 113, 530---1 *East*, 686---8 *East*, 213---6 *Johns. Rep.* 279---5 *Cranch*, 115---1 *Johns. Cas.* 241---2 *Johns. Cas.* 118, 215 ---5 *Mass.* 435---9 *Mass.* 388.

The opinion of the Court was delivered by

PRENTISS, J. The ground on which we quashed the writ of error brought by the plaintiffs in this case, was, that no final judgment appeared to have been rendered, but the cause was still pending in the county court. It is certainly well settled, that error can be brought only on a final judgment. An interlocutory judgment given in the course of a cause, or awarding or refusing a new trial, is no ground for a writ of error. (*Samuel* vs. *Judin*, 6 *East*, 333.---2 *Tidd's Prac.* 1056.---5 *Cranch*, 11, 87.---6 *Cranch*, 206.) Indeed, it is held, that an arrest of judgment, although it is the final act of the court, is not such a judgment as that a writ of error will lie upon it. (*Fish* vs.

Addison,
January,
1827.

Richards
et. al.
vs.
Wheeler.

*Weatherwax,* 2 *Johns. Cas.* 215.---*Bayard* vs. *Malcomb,* 2 *Johns. Rep.* 101.) Arresting judgment is omitting to render judgment, and dismissing the parties without further day to appear again. No costs are allowed, nor is it a bar to a new action. The party for whom the verdict is found, may, however, as a matter of right, move for, and have judgment against himself, for the insufficiency of the declaration or plea, as the case may be; and in this way, there being a judgment, and a final one too, he will be enabled to bring a writ of error. The rejection of a report of auditors, is analogous to setting aside the verdict of a jury, and granting a new trial; and although it is a judgment, it is not a final one. It is a mere interlocutory act, leaving the cause still undecided; and there can be no doubt, that while the proceedings remain *in transitu,* and before final judgment, a writ of error will not lie.

Having failed upon the writ of error, the plaintiffs now move for a *mandamus,* and contend, that as error will not lie, they are entitled to this mandatory process, to compel the county court to accept the report of the auditors, and enter up judgment upon it. The statute (*Comp. Stat. p.* 60, *s.* 8,) empowers this Court "to issue writs of *mandamus, warranted by the principles and usages of law,* to any courts appointed, or persons holding office." The inquiry, therefore, is, whether the *principles and usages of law* will warrant the issuing of the writ in this case. A *mandamus* is defined to be a command issuing from a superior court, directed to some publick officer, corporation, or inferior court, requiring them to do some particular thing, appertaining to their office and duty, and which appears to be agreeable to right and justice; and, as a general principle, it is said to lie in all cases, where a party has a right to have a thing done, and has no other specifick remedy to compel the performance. (3 *Blac. Com.* 110.---*The King* vs. *Barker,* 3 *Burr.* 1267.) Without going into an examination of the cases, in which it will lie to enforce things to be done by corporations or ministerial officers, we have only to inquire, how far it is a remedy in relation to inferior courts, to compel the performance of judicial acts. It seems that a *mandamus* will lie to command an inferior court to make probate of a will, or to grant letters of administration; to proceed in the trial of a cause, and give judgment; to sign a bill of exceptions, or amend it according to the truth of the case; to render judgment on a verdict found, or to execute a decree, to the benefit of which the party is entitled. (3 *Blac. Com.* 110.---*Sikes* vs. *Ransom,* 6 *Johns. Rep.* 279.---*United States* vs. *Peters,* 5 *Cranch,* 115.) The principle which prevails in these cases, is, that although the acts are of a judicial nature, yet there is a default of duty, in refusing or neglecting to do, either what the law has peremptorily directed to be done, or what there is an indisputable right to have done, independent of any discretion in the inferior court. But where the inferior court are to exercise their judgment on the matter, and it rests in judicial discretion,

*Addison,*
*January,*
*1837.*

Richards
et. al
*vs.*
Wheeler.

though they may be compelled to proceed to judgment, there is no instance in which a *mandamus* has been issued to control their discretion, and direct how their judgment shall be exercised. Where the ordinary refuse to grant administration to the next of kin, according to the direction of the statute, a *mandamus* will be issued to enforce it; yet, if there be two next of kin, a widow and child, it will not be issued to grant administration to one of them in particular, but to one or the other of them, leaving the ordinary to make the election between persons having equal claims. (1 *Stra.* 552.—8 *East*, 408.) The instances in which the writ has been held to lie to compel an inferior court to give judgment on a verdict, are all of them cases in which the verdict established the right of the party, and the inferior court had no power to set it aside. Such was the case in 15 *Vin. Abr.* 206, where a *mandamus* was granted to the mayor and aldermen of London, directing them to enter up judgment on a verdict, obtained by the owner of ground taken to enlarge Newgate market. Such also was the case of *Brooks* vs. *Ewer*, 1 *Stra.* 113, where it was held, that a *mandamus* would lie to a judge of an inferior court, in the nature of a *procedendo ad judicium*, to give judgment on a verdict, though he had granted a new trial for excessive damages, he having no power so to do. In *The People* vs. *The Sessions of Chenango*, 1 *Johns. Cas.* 179—2 *Caines' Cas. in Er.* 319, where the *Sessions* had set aside a verdict and granted a new trial, a *mandamus* was granted, forbidding them to proceed on the new trial, and requiring them to give judgment on the verdict; and in *Haight* vs. *Turner*, 2 *Johns. Rep.* 371, it was held, that a *mandamus* was the proper remedy, where the *Common Pleas*, after verdict, refused to give judgment thereon, but granted a new trial, because the verdict was against evidence. These cases proceeded, as appears from the opinions given, entirely upon the ground, that the *Sessions*, in the one case, and the *Common Pleas*, in the other, had no authority to set aside the verdicts found, but were bound to give judgment upon them. Indeed, it is an established principle, that an inferior court has no power to grant a new trial, without an express authority being given to it, unless it be for mere irregularity. (*The case of the Mayor and Aldermen of Bristol*, 2 *Salk.* 650.) This must have been the principle on which the decisions were founded, in *The Commonwealth* vs. *The Sessions of Norfolk*, 5 *Mass.* 435, and *The Commonwealth* vs. *The Sessions of Middlesex*, 9 *Mass.* 388, where it was held, that a *mandamus* would lie to the court of sessions, to compel them to accept the verdict of a jury, assessing damages for land taken for a highway.

It seems to be the result of all the cases, that where the act to be performed is of a judicial nature, it can be enforced by this writ only where the law has peremptorily directed it to be performed, or where the right is clear, and no discretion exists in the inferior court in relation to it. When auditors have adjusted the accounts referred to them, and returned them into

*Addison,*
*January,*
*1827.*

*Richards*
*et. al.*
*vs.*
*Wheeler.*

court, the statute does not peremptorily direct that the report shall be accepted, but declares that judgment shall be rendered upon it, *if no just cause shall be shown to the contrary.* (*Comp. Stat. p.* 142, *s.* 1.) The party, in such case, therefore, is not entitled, as a matter of right, to judgment on the report, but the court have a discretion, vested in them by law, either to accept or reject the report, as they shall judge the right of the case to require. They are to hear objections to the report, and decide upon them; and this judicial authority necessarily involves the exercise of a legal discretion. The question being judicially before them, and they being legally competent to determine it, their own judgment must be the rule of decision, and they cannot be compelled to adopt that of any other tribunal. In the case of *The United States* vs. *Lawrence,* 3 *Dallas,* 42, the Supreme Court of the United States refused to issue a *mandamus* to a district judge, in a case in which he was acting in his judicial capacity, declaring, that whatever might be the difference of sentiment entertained by them, they had no power to compel a judge to decide according to the dictates of any judgment but his own. The ground of the present motion is, not that the county court have unreasonably refused or neglected to render any judgment, or to do any other act to which by law the plaintiffs are entitled as of right; but that they have, in fact, given a judgment, though not a final one, by setting aside the report of the auditors, and in doing this have erred. Whether or not the report ought to have been set aside, was a question, as we have already seen, of which the county court were the competent judges, and on which they have exercised their judgment as the right of the case appeared to them; and we cannot compel them to vacate the judgment they have given, and require them to render a different judgment. Although we might have compelled them to proceed to judgment, if they had unreasonably refused to do so, we could not prescribe to them what judgment they should give. There appears to be no principle or usage, which will justify the issuing of the writ in the present case, and the motion, therefore, must be denied. The plaintiffs, however, are not without remedy. If a report should hereafter be made by the auditors against the plaintiffs, they may file their exceptions, and if the report should be accepted and judgment rendered against them by the county court, they can remove the case to this court for revision.

<div align="right">Motion denied.</div>

*P. Starr* and *S. S. Phelps,* for the plaintiffs.
*N. Hawley* and *R. B. Bates,* for the defendant.