COOK *v.* TREASURER OF TOWN OF PEACHAM.

*Orders drawn by Justices for Costs of Prosecution. Mandamus to Compel Payment.*

A clear legal right to the writ of mandamus must exist, otherwise the writ will not issue. Thus, a justice who draws orders on the treasury of the town liable to pay the costs of a prosecution commenced and tried before him, in favor of the several persons entitled to the same, pursuant to s. 5, c. 124, Gen. Sts., is not entitled to a mandamus against the treasurer of such town to compel payment of such orders to himself—the legal right is in the payees of the orders.

Nor will mandamus lie to compel payment to the justice of an order drawn in his own favor, when the fees for which it was drawn were in part illegal; for his right is neither clear nor legal.

PETITION FOR MANDAMUS, Caledonia County. The petition alleged that on January 16, 1872, the state's attorney presented to the relator, then a justice of the peace within and for said county, a complaint against Gardiner Springer, of Peacham, for an assault upon Jessie Kimball ; that thereupon the relator issued a warrant for the arrest of said Springer, which was duly served, and that said Springer was arraigned for trial ; that the case, after having been once continued, was tried on January 26, when

the jury disagreed ; that the case was again continued, and finally again tried on May 29, the jury again disagreeing, whereupon the state's attorney entered a *nolle prosequi,* and the prisoner was discharged ; that the relator thereupon taxed the costs, which he believed to be legal and reasonable, as required by law, taxing the fees of the state's attorney at $10.10, of the justice at $7.99, of the officer at $26.40, and of the witnesses at $15.22—in all $59.71, and drew orders therefor, as he had a right to do, in favor of the several persons entitled, upon the then treasurer of Peacham, the town that was, as he believed, liable to pay said costs, and made a return to said treasurer as required by law ; that on July 1, 1872, and again after that time, the relator presented said orders for payment, but that though legally bound to pay or accept them, the respondent refused, and at the time of the making of the petition still refused, so to do ; that the relator drew an order in favor of the officer for $26.40, and an order for the remainder of the costs in favor of Charles H. Davis, but that the respondent refused to pay them, and they were returned to the relator ; and that the orders so drawn were in all eleven in number, and were " in favor of the several persons entitled to the same as provided by law." *Prayer* for mandamus to compel the respondent to pay the relator the sum of $59.71, with interest thereon.

The answer alleged that the petitioner's remedy was ample by action on the orders ; that there was not, and never had been since the respondent was treasurer, any funds in the treasury for the purpose of paying the bills of costs set forth in the petition, and that the town had raised no funds to pay said costs, all the money in the treasury having been raised for other and special purposes. The answer further alleged that at the time of the trials referred to in the petition, said Springer had been already tried upon a grand juror's complaint for the same offence and acquitted, as appeared of record, and that cost was taxed and an order therefor drawn and paid ; that the state's attorney made the complaint in the petition referred to for a consideration, well knowing that said Springer had been once tried and acquitted ; that upon the trial before the relator said Springer pleaded *autre-*

*fois acquit*, but that the relator, knowing of the former trial, took no notice of the plea ; that the respondent believed that there was a conspiracy between the relator, state's attorney, and the father of the said Jessie, to oppress said Springer ; that the prosecution was not made in good faith ; that after two trials Springer, in accordance with the order of the court, appeared for the third, but that neither the relator nor the state's attorney appeared, nor any one in their behalf ; that at one time when the parties met for trial, the state's attorney caused the suit to be dropped and the prisoner to be discharged ; made a bill of costs and presented it for payment, which was refused ; whereupon he caused the prisoner to be re-arrested, and the prosecution to be continued, in order to give the relator and others a better opportunity to collect the costs, which were illegal ; that the bill of cost presented was illegal and exorbitant ; and that the petition was not brought in the interest of the relator nor of any one to whom the costs might belong, but of the relator's attorney and another. The answer also denied that the relator made return of the prosecution as required by statute, and also that the relator had himself presented any order for payment.

The respondent moved to dismiss the petition, for that the petition was not signed and sworn to by the relator, but by his attorney.

*Elisha May*, for the relator.

*J. P. Lamson*, for the respondent.

The opinion of the court was delivered by

POWERS, J. This is a petition for a writ of mandamus, to be directed to the town treasurer of the town of Peacham, ordering him to pay to the relator certain orders upon him, drawn by the relator as a justice of the peace, in favor of the parties entitled, for costs that accrued in a criminal proceeding before him.

Section 5, c. 124, Gen. Sts., provides that justices of the peace shall draw orders on the treasury of the town liable to pay the costs of any prosecution tried before such justice, in favor of the

persons entitled to the same.    The relator, in the prosecution referred to, drew orders in favor of the prosecuting attorney, sheriff, witnesses, and himself, for the fees to which these parties were severally entitled.    In this petition he asks to have payment ordered to be made to him for the gross amount of all these orders.    Whatever legal obligation upon the town was created by drawing the orders by the relator, clearly vests in favor of the payees of the orders.    The magistrate is not a trustee for the holders of the orders, and no authority can be found that warrants the issue of the writ of mandamus, to compel the payment of a claim to a party not entitled.

The relator in no proceeding can collect any fees but his own. He drew his own order ; but the drawing of the order is not conclusive upon the town ; and in this proceeding we are to look into his claim far enough to see whether his taxation is legal or otherwise.    It must appear that he has a " clear legal right " to the writ, otherwise it will not issue.    *Sabine* v. *Rounds, ante,* page 74.    The relator's order is largely made up of illegal fees, and thus his right is neither *clear* nor *legal*.    He, therefore, is not entitled to a mandate compelling the payment of his order.

It is not necessary to consider the motion to dismiss made in the case, as it is better for the parties that the merits of the application be considered.

The petition is dismissed with costs.