ALLEN BATES v. LEWIS KEITH.

January Term, 1894.

*Mandamus. Not to compel treasurer to turn over money in dispute.*

1. Mandamus is a prerogative writ which will only issue where the right to it and the necessity of it are clearly established.

2. It will not issue to compel a school district treasurer to turn over to his successor the books, papers and money in his possession when there has been no unnecessary delay in turning over the books and papers, and where the title to the money is in dispute between the petitionee, the district and the town, and a suit has been begun by the town against the district, in which the petitionee has been summoned as trustee.

Petition for mandamus.   The petitionee was, at the annual March meeting, in the year 1892, elected treasurer of school district No. 13, in the town of Barre, and continued to hold that office until April 17, 1893, when he resigned, and his resignation was accepted.   September 5, 1893, at a special meeting held for that purpose, the petitioner was elected treasurer of said district to fill the vacancy caused by the resignation of the petitionee.   October 18, 1893, the petitioner demanded of the petitionee the books, papers and money belonging to the district in the hands of the petitionee.

The only books which the petitionee then had were memorandum books, furnished at his own expense, upon which he had kept an account of the moneys received and disbursed by him as treasurer, and the only papers were the

orders which he had paid since the last settlement of his account with the auditors of the school district. Some time subsequent to October 18 the petitionee had filed with the auditors of the district a statement of his account and placed in their hands the orders paid by him. The petitioner was one of these auditors, and no notice had been given to the petionee, either by the board or by the petioner, as to whether his account was satisfactory.

In respect to the money which the petitioner claimed, it appeared that there was in the treasury, at the time of the petitionee's resignation, about four hundred dollars; that he had an order regularly drawn by the prudential committee in his own favor for eight hundred dollars, and that he insisted that the amount in the treasury should be applied by him in part payment of this order. The district claimed that he should not so apply it, and had voted in March, 1893, that the moneys in the hands of the treasurer should be distributed *pro rata* among the tax payers of the district who had paid their school taxes for the year 1892, and had instructed the treasurer to make such a dividend. The town of Barre also laid claim to these funds in the hands of the treasurer.

It was to avoid the complications and litigation which might arise by reason of these conflicting claims that the petitionee resigned his office as aforesaid.

Subsequently to such resignation the town of Barre had begun a suit against school district No. 13, and summoned the petitionee as trustee, said suit being returnable to the March term, 1894, of the Washington County Court.

*Martin & Slack* for the petitioner.

The petitionee held these funds as an officer of the district; having ceased to be such officer and his successor having been elected, he should pass over the funds to such

successor, and any question as to their appropriation must be raised by a suit against the acting treasurer. *McGraw* v. *Memphis & Ohio Railroad Co.*, 5 Cald. 434; *Wilder* v. *Shey*, 13 Bush. 128; *Fowler* v. *Pittsburg, F. W. & C. Rd. Co.*, 35 Penn. St. 22; *Muhlenberg* v. *Epler*, 2 Wood. Dec. 17; *Pettengill* v. *Androscoggin Rd. Co.*, 51 Me. 370; *Sprague* v. *Steam Nav. Co.*, 52 Me. 592; *Bowker* v. *Hill*, 60 Me. 171; *Murth* v. *Schardin*, 4 Mo. App. 403.

Mandamus will lie to compel the delivery of books, records and other property belonging to a particular office, to the incumbent of that office. *Walter* v. *Belding*, 24 Vt. 658; *Stone* v. *Small*, 54 Vt. 498; *Kimball* v. *Oamprey*, 19 N. H., 215; *Brewster* v. *Kilduff*, 15 Ill. 492; 3 Black. Com. 110; *American Railroad Frog Co.* v. *Haven et al.*, 101 Mass. 398.

*Barney & Hoar, J. W. Gordon* and *S. C. Shurtleff* for the defendant.

The petitioner is not entitled to a writ of mandamus unless he comes into court with clean hands himself. 2 Spill. Ext. Relief, ss. 1380, 1387; *People, ex rel. Stearns*, v. *Hoyt*, 66 N. Y. 606.

Mandamus will not lie to compel a party to turn over an unascertained amount. In this case neither the amount nor the correct disposition of that amount has ever been determined. 2 Spill. Ext. Relief, s. 1484; *State* v. *Snodgrass*, 98 Ind. 546; *People, ex rel.*, v. *Green*, 58 N. Y. 295.

The trustee suit for the money in the hands of the defendant is a bar to the issuing of the writ. *State, ex rel.*, v. *Otoe County*, 10 Neb. 384, 386; *State, ex rel.*, v. *Kispert*, 21 Wis. 392, 397; *Livingston* v. *McCarthy*, 41 Kan. 20; *Burt* v. *Reilly, Judge*, 82 Mich. 251, 255.

START, J. This is a petition for a writ of mandamus. The petitioner was, on the 5th day of September, 1893,

elected to fill a vacancy in the office of treasurer of school district No. 13, in Barre, caused by the resignation of the petitionee and, on the 18th day of October, 1893, demanded of the petionee the money, books and papers in his hands belonging to the district. The money was not delivered, because the district was owing the petitionee several hundred dollars in excess of the money in his hands, for which he held a district order, drawn and delivered to him by the prudential committee of the district, and because the town of Barre claimed the money in his hands and had brought a suit against the district and summoned·him as trustee. The books were memorandum books furnished by the petitionee, on which he had entered moneys received and paid out by him as treasurer. The papers were orders drawn on and paid by him as·treasurer; these he did not deliver, because he considered them necessary for his protection in the trustee suit and settlement of his account as treasurer.

After this demand the district auditors notified him to appear before them and settle his account as treasurer, and he thereupon sent them a statement of his account, and delivered to the chairman of the board the orders paid by him. He is ready and willing to deliver the books and papers, if his account is settled. The petitioner was one of the auditors and attended the meeting of the board for the purpose of settling the petitionee's account. The petitionee has not been informed by the petitioner or any other member of the board of auditors as to whether the account rendered was satisfactory. The petitioner did not thereafter call for the money, books or papers, and, in a few days after the meeting, brought this petition.

Mandamus is not a writ of right, but a prerogative writ, which issues only in a proper case, clearly proved to the court. It will not be granted unless the right to have the thing done is clearly established; nor will it be granted unless there is occasion or necessity for its issue. *Sabin* v.

*Rounds*, 50 Vt. 74 ; *Cook* v. *Treasurer of Peacham*, 50 Vt. 231 ; *Free Press Association* v. *Nichols*, 45 Vt. 7. The burden was on the petitioner to show a case authorizing the issuing of the writ and, in our opinion, such a case has not been made out.

It was the petitionee's duty to settle his account with the auditors. No. 9, sec. 81, of the Acts of 1888 ; R. L., s. 2718. For this purpose he was entitled to the books and papers for a reasonable time, and the petitioner seems to have understood that such was his right, and to have acquiesced in his keeping them until a settlement could be had. There was no occasion for haste. The district was abolished, except for the purpose of settling its pecuniary affairs. It is clear that the books and papers were of secondary consideration, and that the real controversy was about the money ; and if this had been delivered to the petitioner there would have been no trouble about the books and papers. The petitionee is ready and willing to deliver them if his account has been settled. There has been no unreasonable delay on his part in settling it. He has rendered his account and delivered the orders to the board, of which the petitioner is a member, and the petitioner has not informed him as to whether the account rendered is satisfactory. From these facts we think that, so far as the books and papers are concerned, there was no occasion or necessity for bringing a petition for a writ of mandamus. In respect to the money, we hold that, in this proceeding, we cannot decide the questions about which the town and district are at issue, nor can we say that the petitionee is or is not chargeable as trustee in the suit in favor of the town. These questions must be determined in that suit and, until determined or until the petitionee is discharged from liability in that suit, he has a lawful right to hold the money in question as against the petitioner.

*Petition dismissed with costs.*