THE PEOPLE *ex rel.* Michael J. Keegan *et al.*

*v.*

JOSEPH HERCER.

*Opinion filed April 21, 1898.*

MANDAMUS—*material allegations of petition must be proved when denied by answer.* A petition for *mandamus* must be dismissed where all material allegations of fact are denied by respondent, and petitioner files no replication and takes no steps toward forming an issue of fact, sustaining his allegations by proof.

ORIGINAL petition for *mandamus.*

HASKINS & PANNECK, for petitioners.

ALFRED R. GREENWOOD, for respondent.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an original proceeding in this court for a writ of *mandamus* against the respondent to compel him to correct his record of the proceedings of the board of education of school district No. 3, township 16, north, range 11, east of the fourth principal meridian, in Bureau county, Illinois, of which he was secretary.

The case made by the petition is stated by counsel for the petitioners, as follows: "The petition alleges, in substance, that Joseph Hercer, who is a member of said board of education, and who was acting as the clerk or secretary thereof at a meeting held in the month of July, 1897, at which less than a quorum of said board was present, .to-wit, three members and the president, so recorded the proceedings of said meeting that the record showed three members voted, and the three petitioners, who are members, present and not voting, on the question of election of teachers and janitors for the then ensuing year; that the president of said board then declared the vote a tie and voted in the affirmative, and thereupon declared the vote electing said teachers and janitors carried. The

petition further alleges, that at the time (shown by the record, as aforesaid,) that said vote was declared carried and said petitioners not present and voting, neither one of said petitioners was present at said meeting, but that the respondent, Joseph Hercer, willfully and corruptly caused the record of said meeting to show that the petitioners were present and not voting. The petition further alleges, that by reason of the falsification of said record by said respondent several thousands of dollars will be required to pay said teachers and janitors so unlawfully and illegally hired. The petition also shows that the respondent admitted, under oath, in the trial of an injunction suit in the circuit court of Bureau county, Illinois, that at the time that the record shows that the petitioners were present and not voting upon said proposition they were not present, nor was either of them, and the petition asks that a writ of *mandamus* be issued compelling the said respondent to correct said record, and have it show that at said time none of these petitioners were present at said meeting."

These allegations are practically all denied by the answer of the respondent, which makes an issue of fact as to whether or not the allegations of the petition are true. The case has been submitted and taken on printed briefs and arguments filed by either party.

Upon looking into the petition and answer we find, as stated above, that all the material allegations of fact in the former are denied by the latter. No replication has been filed by the petitioners and no steps taken by them to have an issue of fact formed and tried in conformity with the practice in such cases, and hence nothing remains for us to do but to dismiss the petition at their cost. The facts upon which they rely as justifying the issuing of the writ being denied by the respondent, it is too clear for argument that they can have the benefit of none of those facts without proof to sustain them. *People ex rel.* v. *City of Danville,* 147 Ill. 127.

Upon carefully examining the petition we are also of the opinion that, even if it could have been taken as true, no sufficient ground has been shown for the issuing of this extraordinary writ. It is not, however, necessary to enter into a discussion of that question. For the reason already stated the petition will be dismissed.

*Petition dismissed.*