CHARLES W. FARR *v.* TOWN OF ST. JOHNSBURY et al.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START and WATSON, JJ.

Opinion filed February 2, 1901.

*Mandamus*—Mandamus will not lie unless the petitioner has a legal right and is without other adequate remedy.

PETITION for a mandamus returnable to the Supreme Court for Caledonia County at the October Term, 1900. Heard at said term, on petition, answer and testimony.

The petition was brought against the town of St. Johnsbury and L. B. Hartshorn, E. P. Potter and Curtis C. Follensby, its selectmen, to compel the issue to the petitioner of a town order for $300 in accordance with a resolution adopted

by the legal voters of said town in a town meeting held on the first Tuesday of March, 1900. Previous to said meeting the town had made an excavation for the basement of a school house on land belonging to the town and lying adjacent to land on which were two springs in which the petitioner claimed an interest. When the excavation was made the water in one of the springs ceased to flow. The resolution adopted in town meeting, as aforesaid, directed the selectmen to draw the order above referred to, in favor of the petitioner in settlement of the damages to him so occasioned. The petition alleged and the answers denied that in making the excavation the town cut off an underground vein of water which fed the petitioner's spring. The selectmen refused to issue an order in compliance with the resolution, and they and the town averred in their answers that the petitioner had no legal claim against the town for damages sustained by him, and that the voters acted without authority in directing the issue of the aforesaid order. They further claimed that if the petitioner had any claim against the town he had an adequate remedy for its enforcement other than that invoked.

Bates, May & Simonds for the petitioner.
Dunnett & Slack for the petitionee.

TAFT, C. J.   If the petitioner is entitled to the town order which he seeks to have issued, and delivered him, it is only upon the ground that he has a legal claim against the petitionee town. If he does not have such claim, he has no legal right to the order, and if he has such claim he has an adequate remedy in an action at law to recover it. Therefore he cannot sustain this petition, and the same is dismissed with costs.