THE PEOPLE *ex rel.* Patrick Lane

*v.*

ROBERT LINDBLOM *et al.*

*Opinion filed April 17, 1905.*

1. MANDAMUS—*averments of answer not denied by replication are admitted.* In *mandamus* all averments of the answer not denied by replication are admitted to be true, and the petition should be dismissed if the material averments of fact are denied by the answer and no replication is filed or steps taken toward forming an issue of law or fact.

2. CIVIL SERVICE—*what question is not material.* If the relator in a petition for *mandamus* to compel civil service commissioners to reinstate him on the police force is not eligible to office under the civil service rules, the fact that his false statement of his age in his application was made by mistake and not knowingly is not material and should not be considered by the jury, where that fact does not affect his eligibility.

3. SAME—*when rule as to re-entering employment does not apply.* A civil service rule providing that any police officer whose record was good and who had been discharged without cause and without a trial might re-enter the service without examination, does not apply to a person who has been on the police force and has been removed for cause or has abandoned the service for a term of years.

4. APPEALS AND ERRORS—*when reversal without remanding or reciting facts is proper.* Reversal by the Appellate Court of a judgment awarding *mandamus* without remanding or reciting the facts in its judgment is proper, where there are no errors of law to be corrected on new trial, no material controverted questions of fact and the uncontroverted facts do not justify awarding *mandamus*.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

VICTOR M. HARDING, for plaintiff in error.

MICHAEL F. SULLIVAN, (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county entered a judgment awarding to Patrick Lane a writ of *mandamus* commanding the civil service commission for the city of Chicago to restore his name to the register of eligible candidates for the police force of said city, to re-instate him on said police force and to certify him to the next vacancy for which he would be eligible. The Appellate Court for the First District reversed the judgment and did not remand the cause. The writ of error in this case was sued out to review the judgment of the Appellate Court.

The Appellate Court did not incorporate in its judgment any finding of fact, and therefore it is presumed that the facts concerning the matters in controversy were found the same in that court as in the circuit court. Looking at the pleadings it appears no issue of fact was made by them and that there was no matter of fact in controversy by virtue of the pleadings. The petition alleged that the relator, Patrick Lane, on October 4, 1900, was a resident of the city of Chicago and qualified to serve as a police officer; that the Civil Service law was in force in said city and the defendants were the civil service commission; that relator had passed his examination and had been appointed and was acting as a police officer, and that by order of said commission he was removed and dismissed from the force and his name was stricken from the register of eligibles for future positions on said force provided for by said Civil Service act and the rules of said commission; that he was not removed or discharged for cause; that no written charges were preferred against him and no opportunity was given him to be heard in his own defense; that the charges against him were never investigated by the commission; that he still had the necessary qualifications to serve upon the police force, and that he was improperly removed and his name stricken from the

list and the register of eligible candidates in violation of the Civil Service law. The answer of the defendants admitted the adoption of the Civil Service law by the city of Chicago and the establishment of a civil service commission in said city, and that they were the commissioners and had adopted rules as alleged in the petition. The answer also admitted that the defendants, as the civil service commission for said city, ordered the relator discharged from the police force and struck his name from the register of eligibles, but set up facts in justification of their action which showed that such action was proper and justifiable and in accordance with the Civil Service act and the rules of the commission. The facts so alleged were, that prior to September 21, 1900, the relator made application to the commission for examination as patrolman on the police force under and by virtue of the Civil Service act and the rules of the commission; that at the time of making said application it was provided by said rules that every applicant for a position on the uniformed police force must be, at the time of such application, between the ages of twenty-one and thirty-five years; that the relator stated in his application that he was born in 1864, and that said statement was untrue; that he was in fact more than thirty-five years old; that he passed the examination and was placed upon the eligible list, and was certified to the general superintendent of police for employment as a patrolman; that afterwards charges in writing were preferred against him and a hearing was set for Thursday, September 27, 1900; that on that day relator failed to appear but sent a communication to the commission, in which he admitted that he was born in 1858 instead of 1864, as stated in his application; that it was then ordered that the hearing be continued until October 4, 1900, and relator notified to appear before the commission; that relator appeared at such hearing and admitted that he made a false statement in his application, and that he was born in 1858, and on further examination stated that he was, in fact, born in 1856, and

that the commission thereupon ordered him discharged from the police force and his name struck from the register. A rule of the commission that a false statement knowingly made by a person in his application should be considered good cause for removal from the list of eligibles or removal or discharge after appointment was also set out in the answer.

The facts alleged in the answer showing that the relator was not qualified for a position on the police force on account of his age, that he made a false statement in respect thereto, and that he had a hearing and admitted the charge, were a complete defense to the petition and were not denied by replication. Under the rules of pleading governing the action of *mandamus* all the averments of the answer which are not denied by replication are admitted to be true. (*People ex rel.* v. *Crabb,* 156 Ill. 155; *People ex rel.* v. *Knopf,* 183 id. 410; *Mayor and City Council of Roodhouse* v. *Briggs,* 194 id. 435.) A petition for *mandamus* should be dismissed if the material averments of fact are denied by the answer and no replication is filed or steps taken toward forming an issue of law or fact. (*People ex rel.* v. *Hercer,* 172 Ill. 271.) Although there was no issue of fact, the record recites that a jury was called and the issues were submitted to them for trial and the jury returned a verdict finding such issues for the petitioner. Both parties participated in the trial before the jury without objection, but as there were no issues of fact it cannot be determined from the record what it was supposed the jury were called to try or did try. Relator testified that the statement as to his age in the application was false but that it was a mistake, and he made a kind of a rough guess at his age. The court directed the jury to find the issues for the relator if the defendants failed to prove that he knew the statement to be false when he made it, and that question appears to have been submitted to the jury. Under the civil service rules the relator was not eligible to a position on the police force whether the statement was made knowingly or not, and that question was not material,

In the course of the trial the court permitted an amendment of the petition by which the relator alleged that he was an ex-member of the police force of the city, having served on said force prior to his appointment and discharge immediately preceding the suit for *mandamus.* It is said by his counsel that there was a rule of the civil service commission that any police officer whose record as such officer was good and who had been discharged without cause and without a trial might re-enter the police force without an examination, and in his case the age limit should be forty-five years, except for such as had been on the police force ten years or more, and for them the age limit should be fifty years. This rule does not appear in the abstract of the record prepared by said counsel, but if there is such a rule it had no reference to relator's case. He testified that he had been on the police force from May 16, 1893, for a period of two years, and therefore had been off the force for more than five years before his application. The rule was plainly intended to apply to a policeman discharged without cause and without a trial, who should be entitled to re-enter without an examination. It does not apply to a person who had once been on the police force who was removed from the force or abandoned the employment for a term of years.

There was nothing before the jury tending to show that the action of the commission was wrong if we should consider that the parties had waived an issue by participating in the trial without objection. That has been done in some cases, and it has been held that if one of several pleas is not answered and the parties go to trial without objection, the irregularity will be considered as waived or cured by the verdict of the jury. (*Ross* v. *Reddick,* 1 Scam. 73; *Armstrong* v. *Mock,* 17 Ill. 166.) Where a defendant voluntarily goes to trial upon issues made up on a part of the pleadings, leaving some of the replications without rejoinder, the judgment will not be reversed at his instance because of his omission to plead. (*Barnett* v. *Graff,* 52 Ill. 170.) This

court does not try questions of fact, and in an original proceeding for *mandamus* which was submitted by the parties without a formal issue either of fact or law, the court considered only the facts alleged on one hand and admitted on the other, leaving out of view all facts in controversy, and treated the answer as a demurrer. (*People* v. *City of Danville,* 147 Ill. 127.) Whether the rule that an issue was waived and that the case is to be treated as though an issue had been made can be applied to this case or not,—and we do not say it can,—there was no material controverted fact before the jury. If the Appellate Court found the facts the same as the circuit court they did not authorize the judgment awarding the writ. The judgment of the Appellate Court reversing the judgment of the circuit court was right, and there being no error of law which could be corrected upon another trial, it was not necessary to remand the cause.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*