STATE *v.* FRANK M. PLUMLEY AND HORACE M. REDFIELD.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 28, 1910.

*Mandamus—Trial—Pleadings—Conclusiveness—Subjects of Re-*
*lief—Quasi Judicial Functions.*

Where a mandamus suit is presented on petition and answers the plead-
ings must control its determination.

At common law the return of the respondent in a mandamus suit is
taken as conclusive; and under our practice, wherein the relator
may plead to the return or answer, if no plea or traverse is filed,
and the case is heard on the petition and·the answer, all aver-

ments of fact in the answer, and all material allegations in the petition are taken as true.

The duty of the assistant judges of the county court, under P. S. 5109, to appoint liquor license commissioners, is *quasi* judicial, and so mandamus does not lie to compel them to agree upon an appointment.

PETITION for a writ of mandamus, preferred to the Supreme Court for Rutland County at its May Term, 1910, and then heard on the petition and answers. The opinion states the case.

*Joseph C. Jones,* State's Attorney, for the relator.

*Ernest O'Brien, Rufus E. Brown* and *Frank L. Fish* for the respondents.

WATSON, J. This case was heard on the petition and the answers. The material facts alleged in the petition are, that at its last annual meeting the city of Rutland voted that licenses should be granted for the sale of intoxicating liquor therein; that the respondents, then and hitherto the assistant judges of the county court in the county of Rutland, did not within sixteen days after the city so voted, nor at any subsequent time, appoint a board of license commissioners for said city, as required by section 5109 of the Public Statutes. These facts thus alleged are admitted to be true by the several answers, but each respondent sets forth new matter upon which he relies as a reason for the nonperformance charged. The allegations in the answers show that from the time when such vote was taken to the present time the respondents, acting diligently, faithfully, and honestly, have tried to agree upon the appointment of license commissioners in accordance with the provisions of the statute, and for that purpose have met and consulted on many occasions; that each has presented to his associate the names of many citizens who, he thought, would accept the office and discharge the duties thereof with fairness and fidelity, but to the appointment of none of them have the respondents, respectively exercising their best judgment and discretion, been able conscientiously to agree; and that each is ready and willing to agree with the other on the appointment of any three men who in his judgment will act fairly and honestly

in the performance of the duties of the office. It is argued that no reason exists why the respondents should not agree on a board to appoint. The case being presented, however, on the petition and the answers, we must consider it accordingly.

By the common law of England in proceedings of this character the return is taken as conclusive. *Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146. And under our practice where the relator may plead to or traverse the return or answer, if no plea or traverse be filed and the case is heard on the petition and the answer, all averments of fact in the answer, and all material allegations in the petition which stand admitted, are taken as true. *Clement* v. *Graham; People* v. *Crabb,* 156 Ill. 155, 40 N. E. 319; *People* v. *Lindblom,* 215 Ill. 58, 74 N. E. 73.

When a town or city votes for license, it is by statute made the duty of the assistant judges of the county court, within a specified time,—whether this limitation of time is mandatory we do not decide,—to appoint a board of license commissioners for the town or city so voting; but it is clear that this duty is not merely ministerial. Its proper performance involves the exercise of official judgment and sound discretion in selecting for appointment men suitable for the position; consequently the duty is quasi-judicial in nature, in the discharge of which neither the exercise of that discretion nor the decision finally to be given can be controlled by mandamus. *Richards* v. *Wheeler,* 2 Aik. 369; *Cox* v. *United States,* 9 Wall. 298, 19 L. ed. 579.

Neither of the respondents alone has the power of appointment; and neither, acting conscientiously and on his own judgment, is able to agree with the other on the persons to be appointed. In such circumstances this Court will not by mandate compel either, contrary to his own sense of what is right and just in the matter, to adopt the judgment of the other instead of his own, and thereby cooperate in making appointments which he believes to be unsuitable and not in accordance with the faithful discharge of his duties as contemplated by law. See *United States* v. *Lawrence,* 3 Dall. 42, 1 L. ed. 502.

*Petition dismissed without costs.*