CAROLINA E. BIANCHI v. FRANK J. MARTIN, JUDGE.

January Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1920.

*Mandamus Will Not Issue Where Right to Appeal Exists—Probate Court—Final Order.*

1.  A petition for a writ of mandamus will be granted only when the right is clear, and no other remedy is available.

2.  Mandamus will not lie to compel a probate judge to require a guardian to render his account, where the judge had made an order dismissing petitioner's petition for such account, and the order was a final one from which the petitioner might appeal.

PETITION to the Supreme Court for Washington County for a writ of mandamus against Frank J. Martin, Judge of Probate within and for the District of Washington, commanding him to summon the plaintiff's guardian to render his account as such guardian to the probate court for said district and otherwise to proceed with said accounting in said probate court. Heard on an agreed statement of facts.

On July 29, 1919, the plaintiff, upon petition filed in the probate court for the District of Washington under G. L. 3652, was adjudged mentally incapable of taking care of herself and her property, and on July 31, 1919, said probate court appointed a guardian for the petitioner, who qualified as such.

From such judgment the plaintiff took her appeal to the Washington county court, said guardian acting as such during the pendency thereof. At the September Term, 1919, said

county court rendered judgment in said cause as follows: "Petition for guardian dismissed, and ordered certified to probate court"; and on November 21, 1919, said judgment was duly certified to said probate court.

On December 22, 1919, the plaintiff brought her petition to said probate court, praying said court to summon said guardian forthwith to render his account. This petition the probate court dismissed; and the plaintiff then brought this petition for a writ of mandamus.

*Theriault & Hunt* for the plaintiff.

Neither G. L. 3451 nor G. L. 3455, relating to an appeal from the "denial" of a probate court, is available, for here the denial was not final, but interlocutory in its nature, and made no disposition of the subject-matter of the petition. *Adams* v. *Adams*, 21 Vt. 162; *Leach* v. *Leach's Exr.*, 50 Vt. 618; *Hodges* v. *Thacher*, 23 Vt. 455; *French* v. *Winsor*, 24 Vt. 402; *Timothy* v. *Farr*, 42 Vt. 43; *Wilcox* v. *Wilcox*, 63 Vt. 137.

The defendant seeks to justify his refusal to proceed with the accounting by attacking collaterally the judgment of the county court as being beyond its jurisdiction. This cannot be done. *Walbridge* v. *Hall*, 3 Vt. 114; *In re Dexter*, 93 Vt. 304; *Driggs* v. *Abbott*, 27 Vt. 580; *Wells, Admr.* v. *Atkins*, 68 Vt. 191; *Probate Court* v. *St. Clair*, 52 Vt. 24; *Mussey* v. *White*, 58 Vt. 45; *Tappan* v. *Nutting*, Brayt. 137; *Eastman* v. *Curtis*, 4 Vt. 616; *Porter* v. *Gile*, 47 Vt. 620.

*Joseph G. Fratini* for the defendant.

The county court is an appellate court for the rehearing and re-examination of all subjects which have been acted upon by the probate court, and of all over which the probate court had original jurisdiction. *Buffum et al.* v. *Haynes' Est.*, 68 Vt. 537; *Brown* v. *Brown*, 66 Vt. 76; *Adams* v. *Adams*, 21 Vt. 162; *Boyden* v. *Ward*, 38 Vt. 628; *Harris* v. *Harris*, 44 Vt. 320; *Holmes* v. *Holmes*, 26 Vt. 536.

It is only in cases where there is a specific legal right to be enforced, and when there is no other adequate legal remedy that the writ of mandamus issues. *State ex rel. Wolfe* v. *Supervisors*, 29 Wis. 79; *People* v. *Supervisors*, 11 N. Y. 563; *People*

v. *Hawkins,* 46 N. Y. 9; *Babcock* v. *Goodrich,* 47 Cal. 488; *Sabine* v. *Rounds,* 50 Vt. 74; *Ins. Co.* v. *Howland,* 73 Vt. 1; *Rugg* v. *Davis,* 68 Vt. 600; *Free Press Ass'n* v. *Nichols,* 45 Vt. 7; *Farr* v. *St. Johnsbury,* 73 Vt. 42; *Foster* v. *Redfield,* 50 Vt. 285; *Green* v. *Hill,* 8 Pick. 46; *Antoni* v. *Greenhow,* 107 U. S. 469, 27 L. ed. 468; *Moore* v. *Grenhow,* 114 U. S. 338, 29 L. ed. 240; *People* v. *McLane,* 62 Cal. 606; *People* v. *Bd. of Police,* 107 N. Y. 235; *Am. Con. Co.* v. *Jacksonville, etc., R. Co.,* 148 U. S. 372, 37 L. ed. 486.

POWERS, J. [1, 2] This application is denied. It is established beyond question that a mandate will issue only when the right is clear, and no other adequate remedy is available. *Sabine* v. *Rounds,* 50 Vt. 74; *Farr* v. *St. Johnsbury,* 73 Vt. 42, 50 Atl. 548. But here the complainant had the right of appeal, which is ordinarily held to be adequate. *State, ex rel.* v. *Schmetzer,* 156 Ind. 528, 60 N. E. 269; *Stockton* v. *Board of Education,* 72 N. J. Law 80, 59 Atl. 1061; *Endowment Dept., etc.* v. *Harvey,* 6 Ala. App. 239, 60 So. 602; *Ex parte Roe,* 234 U. S. 70, 58 L. ed. 1217, 34 Sup. Ct. 722. True, an appeal lies only from a final order or decree, and orders in matters of accounting in the probate court are frequently interlocutory merely. *Wilcox* v. *Wilcox,* 63 Vt. 137, 21 Atl. 423, and cases cited. But the circumstances here characterize this order and make it a final one. *In re Cary's Est.,* 81 Vt. 112, 69 Atl. 736, is full authority for this holding. There, a trustee of an estate, of which a beneficiary had a life use, failed on the death of the beneficiary to render an account and turn the property over to the remainderman. Whereupon the latter petitioned the probate court to compel an accounting and distribution. Upon hearing, this petition was dismissed, and the remainderman appealed. It was held that the order was final and appealable. The trust has terminated, and there was nothing to do but close it up in the way sought by the petitioner. So here, if as the complainant says, the procedings in the county court resulted in a valid judgment dismissing the guardianship proceedings, nothing remained for the acting guardian to do but to settle his account and turn the property over to this complainant. This would close the whole matter. This he failed to do, and the probate court refused to order it. That refusal was final and appealable, and an appeal would afford an adequate remedy to the complainant.

On the other hand, if the judgment of the county court was not valid, no ground for this application is shown or claimed.

*Petition dismissed, with costs.*