TOWN OF SALISBURY *v.* CHARLES I. BUTTON ET AL.

May Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 2, 1923. ·

*Mandamus—Answer—Allegations Not Denied to be Taken as True—Necessity of Writ to Protect Petitioner's Rights Must Be Shown—What Rights Writ Will Enforce—When Error in Decree Will Not Be Corrected by Mandamus.*

1. An answer to a petition for mandamus need not be confined to answering allegations of the petition categorically, but may set forth new matter relied on in defense.

2. Where no plea or traverse to the answer was filed, all material allegations in the petition which stand admitted, and all averments of fact in the answers, are to be taken as true.

3. Mandamus will not be granted unless necessity for its issue to protect the petitioner's rights is shown.

4. Only specific legal rights which are certain and clearly established are enforceable by mandamus.

5.  Where an explanatory note, appended to the decree of a probate
court in the settlement of an estate, was a substantial com-
pliance with the relief sought in a petition for writ of man-
damus for a correction of an error in the date of such decree,
so that the right of petitioner to enforce a tax on the property
covered was not affected by the decree and its record as
amended, the petition will be denied.

PETITION for a writ of mandamus, preferred to the Supreme
Court for Addison County, at its May Term, 1923, and heard at
such term on the petition, answer, and an agreed statement of
facts additional to those contained in the pleadings.  *Petition
dismissed.*

*Stickney, Sargent & Skeels* and *Walter S. Fenton* for the
petitioner.

The interest of an executor in the testator's estate is derived
exclusively from the will, vests in the executor from the moment
of the testator's death, and remains so vested during the admin-
istration of the estate, 2 Wms. Exrs. 629; *Woolley* v. *Clark,* 5
B. & Ald. 746; *Lane* v. *Thompson,* 43 N. H. 325; *Newcomb* v.
*Williams,* 9 Metc. 534; *Carlisle* v. *Burley,* 3 Greenl. 250.

An error in the date of a final decree is wholly ministerial,
involves nothing discretionary, and mandamus is the only remedy
for its correction.  *Kentucky* v. *Dennison,* 24 How. 97, 16 L. ed.
717; *Ex parte Roberts,* 15 Wall. 384, 21 L. ed. 131; *Hall* v. *Cross-
man,* 27 Vt. 297; *Hendee* v. *Cleveland,* 54 Vt. 142; *Clement* v.
*Graham,* 78 Vt. 290, 63 Atl. 146.

Mandamus is a proper remedy to correct ministerial or
clerical errors in the records of a court.  18 R. C. L. 305; Note
Ann. Cas. 1913E, 74; *Hall* v. *Crossman,* 27 Vt. 297; *Hendee* v.
*Cleveland,* 54 Vt. 142.

*Charles I. Button* and *Allen R. Sturtevant* for the peti-
tionees.

The writ of mandamus ought not to be issued unless the
right and interest of the petitioner is clearly established.  *Bates*
v. *Keith,* 66 Vt. 163; *Sabin* v. *Round,* 50 Vt. 74; *Cook* v. *Treas-
urer,* 50 Vt. 231; *Free Press Assn.* v. *Nichols,* 45 Vt. 7.

TAYLOR, J.   This is a petition for a writ of mandamus.   Defendants Button and Wood are the judge and register of probate respectively of the probate court for the district of Addison. Defendant Waterhouse is the clerk of the town of Salisbury. The petition is brought to secure the correction of the date of the final decree of said court in the settlement of the estate of Columbus Smith, late of Salisbury, deceased, and to have expunged from the records of said court and the land records of said town the existing records of such decree.   Thomas E. Boyce, executor of the will of said Smith, and the persons appointed thereunder as trustees to whom the bulk of the estate has been decreed, have been cited in as defendants and have filed their answers.

[1, 2]   The petitioner moves to strike out parts of the answers on the ground that they are immaterial, irrelevant, and not responsive.   It is enough to say that the defendants were not confined to answering the allegations of the petition categorically, but were at liberty to set forth new matter on which they rely in defense.   See *State* v. *Plumley,* 83 Vt. 491, 76 Atl. 146.   Such is the character of much if not all of the matter challenged by the motion.   It is unnecessary to examine the allegations in detail, for only those material as a defense to the petition will be considered.   The case is submitted on the petition, answers, and an agreed statement of facts "additional to those contained in the pleadings."   No plea or traverse to the answers was filed.   In this state of the pleadings all material allegations in the petition which stand admitted, and all averments of fact in the answers, are to be taken as true.   *State* v. *Plumley, supra; Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146, Ann. Cas. 1913E, 1208.

The controversy grows out of the following situation:   The will of Columbus Smith provided a life estate for his widow and at her death the major part of the property remaining in the estate was devised and bequeathed to certain trustees for the purpose of founding and maintaining a "Home for Good Christian Women" to be located in Salisbury on the home farm of the deceased.   Mrs. Smith died April 30, 1919.   The property of the estate remaining in the hands of the executor included a large quantity of real estate and personal property situated in in Salisbury and taxable there if not exempt from taxation under G. L. 684, sub. VI, exempting "real or personal estate granted, sequestered or used for public, pious or charitable uses."

The executor retained the possession and control of the property until a short time prior to the settlement of his account on July 8, 1921. On that date his account was allowed by the probate court and the property remaining on hand for decree July 1, 1921, was determined. Thereafter on July 28, 1921, the probate court completed the first draft of the decree of distribution which was submitted to the interested parties for criticism in reference to the construction given to a certain provision of the will.

Pending such criticism and final decision as to that matter the draft of the decree of distribution was withheld from publication and record. On August 31, 1922, the probate court completed the decree originally drawn by striking out the provision therein that "any person applying for admission at the Home having property, their property shall be paid over to the said trustees and become a part of the property of the Home," it being the final construction of the will that the provision, which occurred in a former codicil of the will, was revoked by the provision of a later codicil. This change was made in the original draft without rewriting the decree, and the same went on record August 31, 1922, as dated July 28, 1921. The various legacies were computed to the date of the original draft.

The trustees under the will organized and qualified by filing bonds on April 12, 1921, and letters of trusteeship were duly issued by the probate court on April 15, 1921. At the organization of the trustees Allen R. Sturtevant was elected treasurer of the board and was directed to take charge of the personal property belonging to the trust estate. Pursuant thereto the executor turned over such personal property to him as treasurer of the trustees and delivered the management and control of all the real estate remaining in the estate to Willard B. Whitney, one of the trustees, as agent and representative of the board. From about April 12, 1921, the executor retained in his hands no property, real or personal, belonging to the estate except funds to redeem checks given for specific legacies in accordance with the terms of the will, which were drawn and delivered to such legatees August 4, 1921. On April 1, 1922, he had in his hands and under his control as executor no property whatsoever belonging to the estate. The will of Columbus Smith had been recorded in Salisbury, and on April 1, 1922, the record title of the real estate stood in the estate. The individuals constituting

the board of listers knew that said Whitney had charge of the real estate in behalf of the trustees and that the trustees had taken possession of all of the property sought to be taxed and would claim that it was exempt from taxation by reason of the charitable uses to which it was devoted.

In April, 1922, the listers called on the executor to return an inventory for the estate of the personal property. The listers were again notified that it was claimed that the personal property owned by the estate was not taxable, being exempt under the laws of the State. Not having received an inventory the listers proceeded to make up a list pursuant to law, setting in the list against the executor real and personal property aggregating $118,436.50. The valuation of the real estate was taken from the quadrennial appraisal. The executor represented himself as aggrieved for that none of the property set to him was in his hands as executor but had been delivered over the year before to the board of trustees appointed by the probate court; and that, in accordance with the terms of the will, such property was exempt from taxation, having for more than a year been set aside, sequestered, and used for charitable purposes. After hearing the grievance the listers made no change in the assessment. No appeal from their action was taken and the executor was thereupon assessed a tax amounting to $2,960.90. This tax has not been paid and is in the process of being enforced.

On March 1, 1923, demand was made to the defendant Button that he correct the decree of distribution by striking out the date appearing therein and inserting the true date on which it was made, and that he cause the record thereof in the probate court to be corrected accordingly. In response to this demand an explanatory note as to the date of the decree was filed setting forth in detail the facts respecting the making of the original draft thereof, the reasons for the delay in its promulgation, and the true date, August 31, 1922, when it was completed and filed for record. This explanatory note was recorded in the probate court records immediately following the record of the decree and a copy thereof was mailed to the law agent of the town of Salisbury. It was intended thereby to correct the erroneous dating of the decree.

The petitioner alleges that its right to collect the unpaid taxes cannot be correctly determined, nor can it have the benefit of the true facts in the collection thereof, unless the error in the

date of the decree is corrected; that without the correction of the decree and its record it will be mistakenly made to appear that the title, possession, and control of the property assessed for taxation had previously been transferred from the executor to the trustees, and on April 1, 1922, was in the trustees and not in the executor. It is agreed that the answer and amendment thereto of Thomas E. Boyce, the executor, who was also one of the trustees, is to be treated as a deposition taken on notice. The amendment to the answer contains the following averment: "Said Thomas E. Boyce expressly denies that he and his associate trustees under the will of Columbus Smith claim any exemption from taxation for the year 1922 under and by virtue of the decree in question * * * but avers that they claim such exemption regardless of said decree for the reasons alleged in his answer." Then follows the grounds for the claimed exemption, which in no way depend upon or are affected by the decree of distribution. The original answer of Mr. Boyce sets forth the circumstances relating to the transfer of the property to the trustees and the grounds upon which it was claimed to be exempt from taxation. No benefit from the decree is therein claimed. The trustees by their answer adopt and make the answer of Mr. Boyce their own.

[3-5]   The only interest that the petitioner claims to have in the record is its possible effect upon the enforcement of the tax assessed in 1922. This is the measure of its right to have the date of the decree corrected. Mandamus will not be granted unless necessity for its issue to protect the petitioner's rights is shown. *Bates* v. *Keith,* 66 Vt. 163, 28 Atl. 865. Only specific legal rights are enforceable thereby, and the right must be certain and clearly established. The writ will not issue when the right is doubtful. *Sanborn* v. *Wier,* 95 Vt. 1, 112 Atl. 228; *Bianchi* v. *Martin,* 94 Vt. 160, 109 Atl. 37. Tested by these rules we think the petition should be denied. The "explanatory note" appended to the decree was a substantial compliance with the petitioner's demand. So far as the latter's rights are concerned, it is as effectual to correct the error in dating as any course that could be adopted. The facts affecting the taxability of the property in question so far as the decree is concerned, are made a part of the record thereof. In short, the right of the petitioner to enforce the tax is not affected by the decree and its record as amended. Besides, the necessity for the relief sought is removed

by the disclaimer embodied in the amendment to the answer of Mr. Boyce. It is made on behalf of the board of trustees; and while the disclaimer is not expressly adopted by the other trustees in their answer, which was filed before the amendment, their subsequent action by relying thereon in their brief as a ground of defense amounts to an effectual ratification. Having taken this position the trustees would manifestly be estopped from claiming exemption in a proceeding to enforce the tax on account of anything contained in the decree.

The defendants rely in their brief upon the claim that the property undertaken to be taxed is otherwise exempt. The point is not briefed by the petitioner, and as it is not necessary to the decision we have no occasion to consider it.

*Petition dismissed with costs.*