Filed 03/05/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02607

---

**American Express National Bank v. Ursa Kelsey aka Ursa Y. Kelsey**

---

# ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 1)
Filer:        Vikram S. Vilkhu
Filed Date:   August 07, 2024

This is a debt collection action brought by American Express National Bank against Ursa Kelsey.  Plaintiff filed a motion for summary judgment on August 8, 2024.  Defendant filed a response on September 10, 2024 and October 2, 2024.  The court set the motion for oral argument on January 9, 2025.  Attorney Vikram Vilkhu appeared for the Plaintiff and Defendant represented herself.  At the end of the hearing, Attorney Vilkhu indicated his client was open to negotiating a resolution with the Defendant.  The court indicated it would provide the parties time to negotiate prior to issuing this decision.  As no notice of resolution has been filed, the court issues this decision granting the motion.

## Standard of Review

"Summary judgment is proper only where the material undisputed facts show that the moving party is entitled to judgment as a matter of law.  The nonmoving party is entitled to all reasonable doubts and inferences.  In determining whether there is a genuine issue of material fact, [the court] will accept as true the allegations made in opposition to the motion … so long as they are supported by affidavit or other evidentiary material." *Morisseau v. Hannaford Bros.,* 2016 VT 17, ¶ 12 (citations and quotations omitted); V.R.C.P. 56(a).

## Undisputed Material Facts

Defendant opened a credit card account with Plaintiff in January 2019.  Plaintiff's Statement of Undisputed Facts.  Defendant was provided a Card Member Agreement setting forth certain terms and conditions.  *Id.*  Defendant accepted those terms by using the credit card account.  *Id.*  One of those terms was a promise by Defendant to pay all charges made on the account.  *Id.*  Defendant's credit card account has a balance of $28,093.47 of unpaid charges.  *Id.*  This is a breach of the Card Member Agreement.  *Id.*  Defendant started a relationship with a Michael Fiducia in 2021 and shared a residence with him until January 31, 2023.  Aff. of Def.  On April 5, 2025, when Defendant was going to retrieve belongings from the residence, Mr. Fiducia pointed a loaded firearm at the Defendant for five minutes.  *Id.*  At some point, Mr. Fiducia took over access to the Defendant's credit card account, her email account, and her PayPal account.  Aff. of Trp. Duca, p. 5.

Mr. Fiducia initially used Defendant's credit card with permission then at some point started using the credit card account without asking. *Id.* at 3. Defendant was subject to a cycle of domestic violence with Mr. Fiducia. *Id.* at 4.

## Analysis

This debt collection action is, at its core, a breach of contract claim. In order to prevail on such a claim, the Plaintiff must prove there was a contract, there was performance under the contract by Plaintiff, there was a breach of the contract by the Defendant, and Plaintiff was damaged as a result of the breach. *See Smith v. Country Village Inter., Inc.,* 2007 VT 132, ¶ 10. The undisputed facts demonstrate that there was a contract between Plaintiff and Defendant in the Card Member Agreement. This agreement was ratified by Defendant's use of the credit card. The terms of the Card Member Agreement required Defendant to pay all charges made to the credit card account. The credit card has a balance of $28,093.47 for charges made to the account. Defendant has not paid this balance. Defendant does not dispute these facts, nor does she dispute that this is a breach of the contract. All of the elements of a breach of contract have been met. Defendant, however, argues that she was not in control of her credit card during the time the charges were accrued because she was in a domestically abusive relationship with Mr. Fiducia. Defendant has submitted uncontested facts that demonstrate she was in a domestically abusive relationship with Mr. Fiducia, that he used her credit card without consent, and prevented her having access to her credit card account and email account. V.R.C.P. 56(e) ("If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion"). The question is whether these undisputed facts prevent judgment as a matter of law on a motion for summary judgment.

Economic or financial abuse was recently recognized by the Legislature as a form of domestic abuse. In 2024, the Legislature amended the definition of abuse under Title 15 to include coercive controlling behavior. 15 V.S.A. § 1101(1)(B). The Legislature further defined coercive controlling behavior to include "controlling, regulating or monitoring the family or household member's movements, communications, daily behavior, *finances, economic resources*, or access to services." 15 V.S.A. § 1101(2)(C) (emphasis added). In this case, Defendant has alleged what amounts to coerced debt. Coerced debt "occurs when the abuser in a violent relationship obtains credit in the victim's name via fraud or duress." Angela Littwin, *Escaping Battered Credit: A Proposal for Repairing Credit Reports Damaged by Domestic Violence,* 161 U. Pa. L. Rev. 363, 365 (2013). The undisputed facts presented by Defendant demonstrate coerced debt, however, that does not end the inquiry.

Vermont courts have not specifically recognized coerced debt as a result of domestic abuse as a defense to a debt collection action. The Vermont Supreme Court has, however, recognized the doctrine of impracticability as a defense to a breach of contract claim. *Agway, Inc., v. Marotti,* 149 Vt. 191, 193 (1988). Vermont follows the Restatement Second of Contracts, which states "[p]erformance may be impracticable because extreme and unreasonable difficulty, expense, injury, or loss to one of the parties will be involved." *Id.* (quoting Restatement Second of Contracts § 166 comment d (1981)). The Vermont Supreme Court has taken a narrow view of this doctrine and has held the impracticability "must consist in the nature of the thing to be done and not in the inability of the party to do it … [I]f what is agreed to be done is in nature possible and lawful, it must be

done; …the promissor takes the risk within the limits of his undertaking of being able to perform." *Id.* (quoting *City of Montpelier v. National Surety Co.,* 97 Vt. 11, 119 (1923)).

The facts raised by Defendant do not fall within the narrow exception recognized by the Vermont Supreme Court in *Agway.* The impracticability must lie in the nature of the thing to be done, in this case, comply with the terms of the Card Member Agreement. It is possible to comply with the terms of the agreement. Defendant was not able to do so because of the actions of her domestic abuser. As noted by the Vermont Supreme Court in *Agway,* the inability of a party to comply with a contract does not meet the elements of impracticability. 149 Vt. at 193. Furthermore, Defendant did not report the charges to Plaintiff as fraudulent once she learned of them. Defendant has shown she is entitled to the defense of impracticability. As such, Plaintiff is entitled to judgment as a matter of law.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED.

Electronically signed on March 4, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge