Chas. W. Mitchell and Minerva E. Parker *v.* F. W. Blan-
chard, Henry E. Mitchell and Lyman F. Cabot's
Administrator.

October Term, 1899.

Present : Taft, C. J., Rowell, Tyler, Munson, Thompson and Watson, JJ.

Opinion Filed December 8, 1899.

*Avails of a sale of trust property*—The law stamps the avails of a sale of
property devised in trust with the same trust which the will imposed
upon the property itself.   The recognition of the trust by the parties to
the conveyance does not make it a trust created by them.

*Probate Court—Jurisdiction under V. S. 2613—Trusts*—The Probate Court has
jurisdiction, under V. S. 2613, to appoint a trustee of property the use
of which passes by will, as well as of that the use of which passes by
operation of law.

*Definition—"Descends" as used in V. S. 2613*—The word "descends" as
used in V. S. 2613, is to be construed in accordance with the canon of
construction, that, if words taken in their technical sense will make a
statute inoperative in whole or in part, they will be taken in their
popular sense.

*Probate Court—Jurisdiction under V. S. 2613—Discovery*—V. S. 2613, in giving
the Probate Court the same power as to the enforcement of the trusts
therein mentioned that it has in case of guardians of minor children,
confers upon it ample power to compel discovery in respect to such
trusts.

Chancery.  Heard on demurrer to the bill.  Windsor
County, June Term, 1899, *Start*, Chancellor.  Demurrer sus-
tained, and bill adjudged insufficient and dismissed.  The orators
appealed.

The case is stated in the opinion.

*Gilbert A. Davis* for the orators.

*William Batchelder* and *J. C. Enright* for the defendants.

Rowell, J.  The trust fund in question was derived from
the sale of the fee of real estate, the use of which was willed to

the orators for life and to the survivor of them, and on the death of both, the property, or the avails thereof, are to be equally divided among their legal heirs.  The bill gives a detailed history of the fund, and traces it into the hands of the defendant Mitchell, part of it before, and the rest of it after, the appointment by the probate court of the defendant Blanchard as trustee thereof. It alleges that the defendants have conspired together to defraud the orators thereout, and prays that said Blanchard be enjoined from acting as trustee, and another appointed in his stead, to collect, recover, and take charge of said fund and account therefor under the order and direction of the Court of Chancery; that the other defendants be enjoined from disposing of said fund or any part thereof, and that they and the said Blanchard make certain discovery in respect thereto; and for general relief.

We do not regard as material the allegation that the expenses of administration were paid and said real estate turned over to the orators, who took possession thereof under the will; nor the allegation that on the sale of said estate said fund was set apart in trust for the benefit of the orators.  The law stamped the avails of the sale with the same trust that the will imposed upon the property itself, no question being made but that the sale was authorized, and the fact that the parties to the conveyance set apart the avails as alleged, does not make it a trust created by them, as contended, but only shows that they recognized the trust created by the will, and intended to have it carried out.

The sufficiency of the bill, both as to discovery and relief, is challenged by demurrer, for that the probate court can afford adequate remedy in the premises; and we are of that opinion.

The jurisdiction of the probate court to appoint a trustee of this fund, depends upon the construction to be given to the word " descends," as used in section 2613 of the Vermont Statutes, whereby it is enacted that the probate court may appoint trustees in cases not otherwise provided for, when the use of property, real or personal, *descends* to a person for life or for years.  The orators contend that the word should be taken in its strict legal

sense, and confined to the passage of land by operation of law on the death of an ancestor intestate, Co. Lit. 13b, 237a ; that it is opposed on the one hand to what takes place when land, on the death of a person, passes to another by gift or limitation to him by designation ; and on the other hand, to the devolution of personal property, which is governed by the rules of distribution. But it is impossible to confine the word to real property, for the statute expressly extends it to personal property. This does not infringe the rule that when technical legal terms are used in a statute, they are to be taken in their established common-law signification ; for it is a part of the rule that they are not to be so taken when a contrary intent appears.

Nor can we confine the word to the passage of the use by operation of law, without depriving the statute of its entire force as to life estates, now that dower and curtesy are taken away, if indeed it would accord it any force as to such estates before that, for it is doubtful whether those estates *descended* within the strict legal meaning of that term, although they vested by operation of law. But if they did descend, and the word is thus confined, the statute never had any effect as to life estates beyond those estates, for in no other case did or does land descend for life, and in no case, ever, for years, unless we except the interest that minor children once took in the homestead until majority, but which they no longer take. Much less does personal property, or any interest therein, ever descend for life or for years. We are speaking, of course, of estates created by law, and not of estates otherwise created for the life of another or for years that are vested in the intestate.

It is a canon of construction that every clause and every word of a statute must be given effect if possible ; and that if words taken in their technical sense will make a statute inoperative in whole or in part, they will be taken in their popular sense. Applying this rule, we construe the word " descends " as used in the section under consideration, to include cases in which the use passes by will as well as cases in which it passes by operation of

law.   And this is the construction that obtains in our probate courts, as we learn on inquiry of many of our oldest and most experienced probate judges.

As to discovery, it is sufficient to say that the probate court has power to compel it, and that, therefore, resort to chancery therefor is unnecessary.

The section in question gives the probate court the same power to enforce the trusts therein mentioned that it has in case of guardians of minor children.   Section 2804 authorizes that court to require such a guardian to render and settle his account at any time; and section 2808 requires the court, when necessary, to examine every guardian upon oath as to the truth and correctness of his account.   That court has, therefore, power to compel the defendant Blanchard, trustee as aforesaid, to discover.

Section 2771 provides that if a guardian, creditor, or heir apparent of a ward, complains to the probate court that a person is suspected of having concealed, embezzled, or conveyed away, money, goods or chattels of the ward, the court may cite such person to appear before it, and may examine him on oath upon the matter of the complaint; and the next section provides that if the person so cited does not appear and submit to examination, or does not answer the interrogatories lawfully put to him, the court may commit him until he submits to its order.   These provisions, being applied to this class of trusts, *mutatis mutandis*, are ample to compel the other defendants to discover.

*Affirmed and remanded.*