In Re Theodore Cary's Estate.

January Term, 1908.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed May 7, 1908.

*Wills—Construction—"Survivor or Survivors of the Others"— Estates Acquired—Presumption Against Partial Intestacy —Probate Court—Jurisdiction—Appointment of Trustee— Settlement of Trust Accounts—Appeal—Final Decree.*

It may fairly be presumed that a testator did not intend partial intestacy.

In construing a will, the word "survivor" will be given the meaning of "other" where that is necessary to effectuate the testator's manifest intent.

The probate court has power to appoint a trustee of the estate of which a beneficiary under a will has the life use, and to enforce the trust.

The probate court has no power to settle controversies that arise when one has unlawfully received trust funds from the trustee, and such person cannot be cited before it to answer therefor; but it has jurisdiction to settle the accounts of trustees appointed by it, and any alleged diversion of the trust fund by the trustee is a matter involved in his accounting.

Where a will gave the testator's nephews a life estate in certain property, remainder in fee to the nephew's children, and provided that the testator's other property should be equally divided between his two nieces, who should have the use thereof for life, "remainder in fee to their children as in the case of" the nephew, and in case of the death of the nephew or either of the nieces the share of the deceased should "belong to the survivor or survivors of the other," the gift over in fee to the children of the two nieces gave to the children of each only the property of which their mother had the life use, and so, on the death of one of the nieces without children, her share did not pass exclusively to the children of the other niece.

The words "survivor or survivors of the other" include the children of any of the three life tenants who should predecease another of them dying without issue; therefore, the children of one of the nieces, who predeceased the other niece dying without issue, were entitled to share in the property of which the latter had a life use.

Where the trustee of an estate of which a beneficiary under a will had a life use failed, on the death of the beneficiary, to render an account and distribute the property to the remaindermen, who thereupon petitioned the probate court to compel such accounting and distribution, making a third person entitled to a distributive share a party, and praying that he be deprived of any share in the property, such petition being sufficient to bring the trustee before the court to terminate his trust and make proper distribution, the

8

fact that the relief demanded against the third person was excessive did not affect the court's jurisdiction.

Where, after full hearing on said petition, the probate court dismissed it on the ground that the petitioners had no interest in the property in question, such decree of dismissal was final and so appealable.

APPEAL from the decision of the probate court dismissing a petition of Albert C. Davis and Louisa Hudson against R. C. Abell and another for an accounting by said Abell as trustee and for distribution to the petitioners as remaindermen under the will of Theodore Cary. Heard on motions to dismiss the petition at the September Term, 1907, Rutland County, *Hall,* J., presiding.

The petition shows that, other than the formal parts, Theodore Cary's will contained three paragraphs. The first directing that his just debts be paid and discharged; the other two as follows:

"Secondly. It is my will and I give and bequeath to Alonzo Fay, my sister Asenath's son, the use and occupancy of my home place, the Birch hill pasture, the wood lot by Alden's and my six-acre Creek Intervale, all my farming tools and all my cattle and stock on the premises above described during his natural life—he giving my sister, Rhoda Cary, a home with him on said place by her rendering him such assistance as she may be able to do from time to time during her natural life; and on the decease of said Alonzo it is my desire and I do hereby give and bequeath to the children of said Alonzo if any he have the property aforesaid in fee provided that my said sister Rhoda be cared for as aforesaid."

"Thirdly. What other property I shall have at my decease, such as provisions on hand, money, debts due, and if I purchase other real estate hereafter I desire to be equally divided between my said sister Asenath's two daughters to wit: Lucy Abbott and Elizabeth Davis that is to say, I give them the use of it during their natural lives and the remainder and reversion in fee to their children as in the case of said Alonzo, and in the case of the death of either of the said Alonzo, Lucy or Elizabeth then the share or shares of such deceased shall belong to the survivor or survivors of the other."

Further facts are shown by the petition as follows: Lucy Abbott and Elizabeth Davis named in the will are now dead, the latter dying first, leaving the petitioners, her only child and grandchild, surviving her, and that since her decease the said Lucy Abbott died without ever having any children of her own, but leaving the petitioners as the only surviving children of the two sisters, Elizabeth and Lucy. Alonzo is yet alive and on notice appears in opposition to these proceedings. Whether he has children does not appear. The trustee appointed by the probate court of the Elizabeth Davis trust estate has paid over to the petitioners all of the trust funds in his hands and settled his final account with that court. The trustee, R. C. Abell, of the Lucy Abbott trust estate, though knowing of the death of said Lucy and of the terms of the will, has not settled or turned over his said trust estate to the petitioners nor communicated with them regarding it, but instead thereof after an investigation made at their request, turned over to Alonzo the whole of said trust estate, without any notice to the petitioners, whereby they might appear before the probate court and be heard in the premises, before distribution by the trustee.

The petition further sets forth the claim of the petitioners as to the proper construction of the will in this respect, the rights and interests of the petitioners thereunder, as they claim them: that they are entitled either to the whole of said trust estate to the exclusion of Alonzo, or that with Alonzo they are entitled to an equal share of it; praying "that the said R. C. Abell and the said Alonzo Fay may be cited before said court to show cause if any they have why the said court should not decree the reversion and remainder in fee of the property of which said Lucy Abott had the life use, or such part thereof as your petitioners are entitled to under and by virtue of the last will and testament of the said Theodore Cary, to your petitioners, and to show cause if any they have why the said court should not decree and order them to pay over to your petitioners either the whole or a one-half part of the money and other property of which the said Lucy Abbott had the life use and which is now or has been formerly in their possession, care, and keeping"; and that on notice to all parties interested, "the court do make its decree that the whole or a one-half part of the property of which Lucy Abbott had the life use * * * is the property ab-

solutely of your petitioners, and that the said court shall further decree that the said R. C. Abell and the said Alonzo Fay shall pay or turn over to your petitioners, or their duly authorized attorney, said property." On notice to all parties interested, a hearing was had before the probate court, all parties being present or represented by counsel, "and thereupon the court having listened to a statement of facts regarding which there was no dispute and to the arguments of the counsel dismissed the said petition." An appeal was taken by the petitioners from this decree to the county court.

The case being entered in the latter court, the defendant, Alonzo Fay, moved that the petition and appeal be dismissed for want of jurisdiction, which motion was overruled and exception by Alonzo. The defendant Abell moved that the petition and appeal be dismissed (1) because the county court had no appellate jurisdiction of said cause; (2) because it appears from the papers that there was no judgment, order or decree of the probate court, in which the petitioners are interested, have a right to complain, or from which they have a right to appeal. The motion was dismissed *pro forma* to which Abell excepted.

*Butler & Moloney* for the defendants.

The petition should have been dismissed. It runs against both Abell and Fay one of the legatees and asks that the title to the trust property be determined and property turned over before any final settlement is had. *Leach* v. *Leach, Exr.* 50 Vt. 618; *Adams et al.* v. *Adams,* 21 Vt. 162; *Kimball* v. *Kimball,* 19 Vt. 579.

Alonzo is the survivor of the three and entitled to the fund. The will uses both the singular and the plural, survivor or survivors, showing that when only one survived he should take the whole of the portion of which the predeceased died possessed. The Lucy Abbott fund would therefore on the face of the petition go to and vest in Alonzo Fay who is the survivor and the only party in interest. *Woodward* v. *Spear,* 10 Vt. 420; *Hemenway* v. *Corey,* 16 Vt. 225; *In re Clark's Estate,* 79 Vt. 63.

The word "survivor" will not be construed "others" unless there is something in the context to indicate that such construction is necessary to effectuate the intention of the testator, and

the word "survivor" is not construed "others" unless absolutely necessary. This is carefully treated in the case and note following: *Hill* v. *Safe Dep. & Tr. Co.*, 4 A. & E. An. C. 577-581*; *Wilson* v. *Andey*, 5 Ves. Jr. 465-14 Ves. Jr. 576; *Beckwith* v. *Beckwith*, 46 L. & J. Ch. 97; *Mullarkey* v. *Sullivan*, 136 N. Y. 227; 3 Jarman on Wills, 541; 2 Jarman on Wills 710; *Rutherford* v. *Rutherford*, 115 Am. St. 799; *Weatherby* v. *Stoddard*, 58 Vt. 623.

*Charles I. Button*, and *Lawrence & Lawrence* for the petitioners.

Where the gift is to specified persons, and not to a class, and it is provided that upon the death of one or more without issue, the share of such deceased person or persons shall go to the survivor or survivors, it becomes very apparent that by "survivor" the testator must have intended to include the issue of such as predecease those who die without issue. If this were not so, and those who die without issue die last, there would be no mode of giving effect to the gift over. 2 Redfield on Wills, 377; *Smith* v. *Osborne*, 6 H. L. Cas. 375; *Barber* v. *Slater*, 17 Ves. Jr. 482; *Wilmot* v. *Wilmot*, 8 Ves. Jr. 10; *Aiton* v. *Brooks*, 7 Sim. 204; *Peacock* v. *Stockford*, 7 De G. M. & G. 129; *In re Hodges Estate*, 63 Vt. 661.

Proceedings before the probate court are not governed by common law rules as to parties or forms of action. *Holdridge* v. *Holdridge's Estate*, 53 Vt. 550; *Spaulding* v. *Warner*, 52 Vt. 29; *Purdy* v. *Purdy*, 67 Vt. 50.

The decision of the probate court in this case, denying the relief sought by the petition, was a final disposition of the matter before that court, and was, in that respect a denial from which an appeal might be taken. *Lathrop, Admr.* v. *Hitchcock, Admr.*, 38 Vt. 499; *Adams* v. *Adams*, 21 Vt. 162; *Brown* v. *Brown*, 66 Vt. 76.

WATSON, J. The case is here on the motion to dismiss the petition. The grounds of the motion will be considered in their inverse order.

It appears from the will that Alonzo, Elizabeth, and Lucy were brother and sisters, children of the testator's sister

Asenath. By the second paragraph of the will Alonzo is given a life estate in certain property, remainder over to his children, if he have any, in fee. By the third paragraph, the use of the rest of the property which the testator should have at his decease was given to be equally divided between Lucy and Elizabeth, "during their natural lives and the remainder and reversion in fee to their children as in the case of said Alonzo." It is argued that the testator created but two parts of his estate, giving his nephew a life estate in one with gift over to his children, if any, and that a life use of the other was given to the two nieces with gift over to their children; that the words "their children" mean the children of the two, or of either if the other should die without issue. But we do not think such a construction gives force to the words "as in the case of Alonzo." In his case the property in which he took a life estate was given over to *his* children, if any he have, in fee. A gift over in fee of the rest of the property in the same manner to the children of the two nieces gives to the children of each, if any she have, the property of which their mother had a life use; and thus the bequest, in the language of the will, gives "the remainder and reversion in fee to their children as in the case of Alonzo." This construction is aided by the clause which follows, creating cross remainders, "and in case of the death of either of the said Alonzo, Lucy or Elizabeth then the share or shares of such deceased shall belong to the survivor or survivors of the other." This clause considered in connection with the provisions creating life estates with remainders over to the children of the respective life tenants, must be understood to mean the same as though the words "without having children" had been inserted immediately after the word "Elizabeth"; and thereby on the death of either of the nieces without having children, the same as on the death of the nephew, without having children, her share is given over—a provision inconsistent with the view that by the will only one division of the testator's property is made and that one part thereof as a whole is taken by the nieces with gift over to their children as a class.

A more difficult question arises concerning the meaning of the words "survivor or survivors of the other." The will shows that the objects of the testator's bounty were not only his nephew and nieces, but their children also. The cross remainders show

that the testator had in mind not that one of the takers for life would die while the others were yet living, but that one might die without issue; and his purpose was to make a bequest which would dispose of his estate in case such a contingency happened. A construction of "survivor and survivors" according to their natural and literal import, as urged by the petitionees, would give to Alonzo absolutely the entire share the life use of which was had by Lucy who died without issue, to the exclusion of the children of their predeceased sister Elizabeth; and if Alonzo, the last of the life tenants, die without issue, there is no provision by which the share in which he has but a life tenancy goes over, —it would be undisposed of, notwithstanding the children of Elizabeth were yet alive. Clearly the testator did not contemplate such a result, for in this respect the will makes no distinction between the share of the life tenant who dies last and that of either of the others,—it passes over in the same manner if the taker for life die without issue. As was said in the case of *Slade* v. *Bronson,* decided this term, it may fairly be presumed that the testator did not intend partial intestacy.

From the context of the whole will we think the intention of the testator was to include in "survivor and survivors of the other" the children of any who predeceased the one dying without issue; but this intention can be carried into effect only by giving those words the meaning of "other and others." True it is sometimes said that the more modern decisions lean toward the ordinary and natural meaning of the word "survivor," yet there is no diversity of authority that where the intention of the testator, gathered from the will itself, is plain that he meant to use it in the sense of "other," such a construction will be given. 2 Redfield on Wills, 376-378; *Smith* v. *Osborne,* 6 H. L. Cas. 375; *Hawkins* v. *Hamerton,* 16 Sim. 410; *Peacock* v. *Stockford,* 7 De G. M. & G. 129; In re Arnold's Trusts, L. R. 10 Eq. 251; In re Palmer's Settlement, L. R. 19 Eq. 320; *Wake* v. *Varah,* L. R. 2 Ch. 348; *Carter* v. *Bloodgood's Exrs.,* 3 Sandford's Ch. 321. It follows that on the allegations of the petition the petitioners have a right to participate in the remainder and reversion of the property of which Lucy Abbott had the life use.

In view of the above holding the questions whether the probate court had jurisdiction, and if it had whether its decree dis-

missing the petition was final in nature, must be considered. The matters here involved arise in the settlement of the testator's estate in due course of procedure. The petition shows that a trustee of the estate of which Lucy Abbott had the life use has been appointed by the probate court from time to time, and that the last trustee thus appointed was the petitionee Abell. The appointment of such a trustee was within the power of that court, as is also the enforcement of the trust. V. S. 2613; *Mitchell* v. *Blanchard,* 72 Vt. 85, 47 Atl. 98. At the expiration of the life interest the trust fund was held by the trustee exclusively for the benefit of those who are entitled to the remainder over; and it was then the duty of the trustee on notice to all persons interested to render a full and final account of his trust to the probate court, and on settlement thereof to turn over the trust fund to the remaindermen as the court might order. The trustee failing this, the petitioners by their petition brought for that purpose seek to force such an accounting and distribution. The prayer of the petition to the extent that it asks relief from Alonzo is too broad. The probate court has not the power to settle controversies that arise when one has unlawfully received trust funds from the trustee, and such person cannot be cited before it to answer therefor. *Bailey* v. *Bailey,* 67 Vt. 494, 32 Atl. 470. It settles the accounts of the officials appointed by it; and any alleged diversion of a trust estate from its proper channel by the trustee, is a matter involved in his accounting. No claim is made but that the petition is sufficient to bring the trustee before the court to terminate his trust and make distribution under the direction and decree of the court; and Alonzo was entitled to notice of the proceedings for such a purpose with an opportunity to be heard. As far as the prayer is too broad, it is mere surplusage and does no harm.

The record shows that a hearing was had on the petition before the probate court, the trustee, Alonzo, and the petitioners respectively being present by their attorneys, "and that thereupon the court having listened to a statement of facts regarding which there was no dispute and to arguments of counsel dismissed said petition." From this decree an appeal was taken by the petitioners. It is argued by the petitionees that the decree was interlocutory from which no appeal will lie.

But we think it fairly inferable from the record that the petition was dismissed on its merits, in other words, on the ground that the petitioners had no interest in the funds in question, and therefore not entitled to the relief sought; and it at once finished the proceedings. The decree was final as to the petitioners and one from which they could appeal.

It may not be amiss to call attention to the fact that in the matter of Hodge's Estate, 63 Vt. 661, 22 Atl. 725, an appeal was allowed from a decree of the probate court dismissing the petition of the administrator of the life tenant for an accounting by the executor of the estate, and that the appeal was sustained in this Court, although it does not appear that the nature of the decree, whether final or interlocutory, was brought in question.

*Judgment affirmed and cause remanded to the county court to be proceeded with.*