RAYMOND WHEELER'S GUARDIAN *v.* MARTIN C. WHEELER.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 8, 1917.

*Wills—Protection of Estate in Remainder—Probate Courts—*
    *Jurisdiction—Chancery—Sufficiency of Bill of Complaint—*
    *Demurrer—Discretion of Court—Cross Bill—Multifarious-*
    *ness.*

Where a remainder man under a will, under which no executor has been
    appointed, desires to protect his interest in the estate from waste
    committed by the life tenant in possession, his speedy and regular
    course is to apply to the probate court for the appointment of the
    executor, who has ample power to protect the estate and the in-
    terest of all therein; and a bill in chancery brought for this pur-
    pose by the remainder man, against the life tenant is in derogation
    of the probate system of this State, and necessitates by indirection
    a construction of the will, and so is bad on demurrer.

A bill in chancery brought by a legatee under a will for the purpose of
    protecting his rights in the estate, which does not set out the
    refusal or neglect of the executor or administrator to act in the
    matter, will be dismissed.

It is within the discretion of the court, to entertain a demurrer to a
    bill in chancery, incorporated in an amended answer, but not con-
    tained in the original answer, there having been meanwhile no
    hearing on the merits.

A cross bill seeking the specific performance of a contract, the enforce-
    ment of a trust, and the construction of a will, is multifarious, and
    is properly dismissed on demurrer.

APPEAL IN CHANCERY. Heard on demurrers to the bill and
cross bill in vacation after the March Term, 1916, Washington
County, *Butler*, Chancellor. Decree sustaining both demurrers,
and dismissing both bill and cross bill. Both parties appealed.
The opinion states the case.

*Theirault & Hunt* for plaintiff.

*Gleason & Willcox* for defendant.

HASELTON, J. This is a proceeding in chancery. The hearing was on a demurrer to the bill, and on a demurrer to a cross bill. Both demurrers were sustained and the bill and cross bill were dismissed. Both parties appealed. The bill sets out the probated will of one Aaron C. Wheeler, deceased, the material part of which reads as follows:

"I give to my son Martin C. Wheeler the sum of five dollars —also the use of my entire property, both personal and real, till such time as his son, Harry M. Wheeler, becomes twenty-one years of age; at such time said Harry M. shall come into possession in full of one-half of my estate and my son Martin C. shall still continue to have the use of the other half and at said Martin C.'s decease his share of my estate shall go to Harry M. or his heirs, provided that if Martin C. shall have other heirs at his decease then this half of my estate shall descend to such heirs as provided by the laws of this State in such cases. If at any time it becomes evident to the executor of my will that the income as above provided is insufficient for Martin C.'s support and comfort then my executor may use such portion of the principal as he may deem necessary."

The bill sets out the death of Harry M. Wheeler, son of the defendant Martin C. and grandson of the testator and the birth to the defendant of another son, Raymond Wheeler, who is living, and of whom the plaintiff is mother and duly appointed guardian.

The bill further sets out that while the will has been probated, nothing has been done in the administration of the estate of Aaron Wheeler, or in the execution of his will, that in fact no executor has been appointed. The plaintiff does not ask for a construction of the will, but sets out that her ward, Raymond, has an interest in the estate left by the testator, and complains of the testator's son, Martin C., whose interest in the estate appears from the will, as for waste, and prays for an injunction against him, and a discovery and accounting by him. But her speedy and regular course under our statutes, is to apply to the probate court for the appointment of an executor of the will of Aaron Wheeler, for such an executor has ample power to protect the estate and the interests of all therein, and the proceedings here instituted are in derogation of our probate system, the integrity of which is carefully guarded.

The plaintiff's averment that no executor has been appointed

by the probate court is in effect an admission that she has taken no steps in that direction, and she stands in the position of asking the court of chancery to supplant rather than to aid the probate court.

With her course there free and unobstructed, she turns her back on that court and asks the court of chancery to proceed in aid of the court which she declines to set in motion. In such circumstances she cannot invoke the doctrine of aider.

Her ward is not an heir of Aaron, and claims only an interest as legatee, though the bill makes no claim as to what that interest is, and the bill is not brought for the construction of the will under the provisions of P. S. 2755. The will stands for construction by the probate court. To entertain the bill would be to ignore .principles well settled in- this State. *Mitchell et al.* v. *Blanchard,.*72 Vt. 85, 47 Atl. 98; *Blair* v. *Johnson,* 64 Vt. 598, 24 Atl. 764. · If an executor or administrator finds an injunction to be required it is for him to apply for it.

The refusal or neglect of an executor or administrator to protect an estate, and doubtless other reasons, may afford a legatee ground for individual action directed to an individual end. But the bill sets out no occasion for such action on the part of the legatee here whose guardian brings the bill. The present proceeding if maintained would necessitate by indirection a construction of the will, and is not to be entertained, when a clear course initiated by action in the probate court, and contemplated by our statutes, remains open and unimpeded. The demurrer to the bill was properly sustained.

The demurrer to the bill was incorporated in an amended answer filed a few days after the original answer, and the plaintiff claims that, as the demurrer was not incorporated in the original answer, it was waived, and that the court had no power to entertain it. But as there had in the meantime been no hearing on the merits, the course taken by the court was permissible in its discretion.

The defendant's cross bill sets out that the original bill was filed against him October 25, 1915, and that thereafter, May 31, 1916, one Mark P. Ladd was duly appointed administrator with the will annexed of Aaron P. Wheeler, and such administrator is brought in as a party to the cross bill. ↘ The defendant in the original bill, plaintiff in the cross bill and hereinafter called the plaintiff, then proceeds to allege that in 1882 he made a contract

with his father, Aaron, by which the latter agreed to give a half interest in all his property to the plaintiff, and the plaintiff undertook to remain on the real estate, assist in paying off indebtedness and managing the property so long as his father should live, and that the plaintiff on his part fully performed. The plaintiff also sets out that his father after 1882, purchased certain parcels of real estate, taking the title in his own name, but holding the property in trust for the use and benefit of both, each having contributed to the payment therefor.

The cross bill seeks specific performance of the alleged contract, and also execution of the trust, as claimed through a conveyance by the administrator to the plaintiff. The cross bill also seeks a construction of the will, and a determination by the court of chancery of the question whether the son, Raymond, has any interest in the estate left by Aaron. The original bill related to the estate left by Aaron Wheeler, whatever that estate was, and the allegations in the cross bill as to a contract and trust affect only the size of the estate left by Aaron, and are not germane to the original bill. Besides, the cross bill is conspicuously multifarious. The specific enforcement of the alleged contract and the enforcement of the alleged trust, on the one hand, and the construction of the will on the other, rest on no common ground.

Neither the bill nor the cross bill is such proceeding for the construction of a will by the court of chancery as is contemplated by our statute in that regard. P. S. 2755. The court of chancery was right in sustaining both demurrers and in dismissing both the original bill and the cross bill.

*Decree affirmed and cause remanded.*