# In re Trusts u/w Mary H. Proctor, and Redfield Proctor, Jr.

[433 A.2d 300]

No. 127-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and
Daley, J. (Ret.), Specially Assigned

Opinion Filed June 9, 1981

*Hoff, Wilson & Powell, P.C.,* Burlington, for Petitioner.

*Allan R. Keyes* and *John J. Zawistoski* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Hill, J.** This case calls upon us to examine the jurisdiction of the probate courts and, more specifically, decide whether a probate court has power to require a beneficiary of a charitable bequest to account for the monies paid to it by the trustee of the estate involved.

Redfield, Jr., and Mary Proctor bequeathed sums of money to the Proctor Trust Company, in trust, to be paid to the Village of Proctor for specified school purposes. The trustee has properly paid the trust income to the Village, adhering to required notice and probate court procedures.

At the hearing on the 1974 account, appellant, the Proctor Teachers Association, objected to the account and challenged the expenditure of income following payment by the trustee to the Village. Appellant claimed that the money was to be used exclusively to pay higher salaries to the teachers in the Village of Proctor. Trust income, in fact, was being used for items other than teachers' salaries. The Association prayed that the directors of the School Board be ordered to account for the funds, restore to the trust misapplied income, and in the future expend accumulated funds and income in a manner dictated by the probate court.

The Proctor School Board appeared in Rutland Superior Court and filed a petition for application of the doctrine of cy pres, pursuant to 14 V.S.A. § 2328, so it could expend the money for general educational purposes rather than for the more limited purposes apparently stated in the will. Action in probate court was held in abeyance. Following the superior court's denial of that petition, the Teachers Association filed its formal petition in probate court to require an accounting by the School Board.

After holding hearings and making findings of fact, the probate court granted the relief sought by the Teachers Association.

Appellee, pursuant to 12 V.S.A. § 2555, appealed to the Rutland Superior Court. As it argued before the probate court, the School Board contended that the probate court was with-

out jurisdiction to supervise a beneficiary's application of monies once paid over by the trustee.

The superior court vacated the probate court's order, ruling that the duty of a trustee of a charitable trust to account does not extend to requiring the probate court to follow the monies paid over in order to assure compliance with the donee's fiduciary duties, and that the probate court was therefore without jurisdiction to order the Village to account. A probate court's power only extends to supervising the trustee it had appointed, the superior court concluded.

The Association appeals. Although four stipulated questions were presented below, we need only address ourselves to whether the probate court has subject matter jurisdiction to order the School Board to account for the disposition of income after it had been received from the trustee.

 The probate court clearly has jurisdiction to order an accounting by the Proctor Trust Company, named as trustee under the will. See 14 V.S.A. Chapter 105. The Village of Proctor is a beneficiary—not a trustee—of the will, and as such has a fiduciary duty to use the funds as directed by the settlors of the trust. The fundamental question is whether this fiduciary duty gives rise to jurisdiction in the probate court to demand an accounting for the expenditure of these funds.

 A court of probate has a special and limited jurisdiction created, and restricted, by statute. *Roddy* v. *Fitzgerald Estate*, 113 Vt. 472, 475, 35 A.2d 668 (1944); *In re Will of Prudenzano*, 116 Vt. 55, 60, 68 A.2d 704 (1949). A probate court may act only when clearly bestowed with the power to act; nothing is to be presumed in favor of its jurisdiction. *Roddy, supra*, 113 Vt. at 475, 35 A.2d at 670.

Appellant contends that jurisdiction to hear this matter is found in 14 V.S.A. § 2327. That provision states:

> The probate court may further hear and determine in equity all other matters relating to the trusts mentioned in this chapter.

Appellant claims that a probate court thereby has power to deal with all matters relating to testamentary trusts, not just with actions of officials appointed by it, as the superior court concluded.

■ We do not read 14 V.S.A. § 2327, however, as being a broad grant of independent jurisdiction. The section merely allows a probate court to invoke certain equitable remedies required to deal adequately with those matters properly before it. And, as we have previously stated, those matters are restricted to overseeing the affairs of officials, such as testamentary trustees and executors, appointed by the court itself, and property in the trustees' hands. See *Manley* v. *Brattleboro Trust Co.*, 116 Vt. 460, 463, 78 A.2d 488 (1951); *In re Cary's Estate*, 81 Vt. 112, 120, 69 A. 736 (1908).

■ ■ The School Board obviously has a fiduciary duty arising from the restrictions dictated in the will for which it can be held to account. However, enforcement of that duty invokes a purely equitable claim independent of the trustee's duties. See *American Institute of Architects* v. *Attorney General*, 332 Mass. 619, 127 N.E. 2d 161 (1955). The duty to follow the dictates of the will, in fact, would be present even if no trust had been created; the duty which appellant seeks to enforce arises because the Village accepted the gift, not because the gift was created by the same instrument which created a trustee. To accept appellant's argument would signify an expansion of the probate court's jurisdiction, both in terms of time and scope, well beyond the dictates and intent of our statutes. See *Manley, supra,* 116 Vt. at 463, 78 A.2d at 491.

The issue of the Teachers Association's standing to challenge the expenditure of the funds need not be reached since we affirm the superior court's vacating of the probate court's action.

*Affirmed.*